UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                      CIVIL ACTION

VERSUS                                                        No. 13-4721

LAND ET AL.                                                   SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] in limine filed by the government to exclude the testimony of plaintiff's expert, Hugh "Bud" McCurdy, III ("McCurdy"). Defendants filed an opposition.[2]

On June 5, 2013, the government filed a complaint in condemnation in order to establish just compensation for approximately 12 acres of appropriated land.[3] This Court's case manager conducted a scheduling conference with the parties on October 30, 2013.[4] The scheduling order set, among other dates, a deadline of January 10, 2014, for defendants' expert reports, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure,[5] and a deadline of February 19, 2014, for all pretrial motions, including motions in limine regarding the admissibility of expert testimony.[6]

On November 25, 2013, at the government's request and with no objection by any defendant, the Court changed defendants' expert report deadline to December 12, 2013.[7] The

---

[1] R. Doc. No. 59.
[2] R. Doc. No. 63.
[3] R. Doc. No. 1.
[4] R. Doc. No. 29.
[5] R. Doc. No. 29, at 2-3.
[6] R. Doc. No. 29, at 1.
[7] R. Doc. No. 43, at 1.

Court also advised the parties that they could reschedule any deadline by agreement with the exceptions of the pretrial motions deadline, the pretrial conference date, and the trial date.[8]

On December 11, 2013, the Court granted an unopposed motion to extend expert report deadlines.[9] Defendants' expert report deadline was extended to January 10, 2014, and the government's expert report deadline was extended to January 27, 2014.[10] The Court reminded the parties that all other deadlines, including the pretrial motions deadline, the pretrial conference date, and the trial date, remained in effect.[11]

On January 9, 2014, the Court granted in part and denied in part another motion to extend deadlines.[12] Importantly, the Court fully granted the request to extend expert report deadlines such that defendants' expert reports had to be submitted no later than January 27, 2014; the government's expert reports had to be submitted no later than February 24, 2014; and all discovery had to be completed no later than March 3, 2014.[13] However, the Court denied the request to extend the pretrial motions deadline.[14] Neither party has sought another extension of any deadline, nor did any party file a motion to compel disclosure.

On January 27, 2014, counsel for defendants sent an email to counsel for the government stating, "Enclosed you will find [McCurdy's] Topographical Survey and calculations of cubic yardages removed from [defendants'] tracts."[15] The topographical survey consists of diagrams of three "ponds" that now sit on the various tracts of land and the notation, "Field survey conducted

---

[8] R. Doc. No. 43, at 2.
[9] R. Doc. No. 53.
[10] R. Doc. No. 53.
[11] R. Doc. No. 53.
[12] R. Doc. No. 55.
[13] *See* R. Doc. Nos. 54, 55.
[14] R. Doc. No. 55.
[15] R. Doc. No. 59-2.

2

between January 5th and January 12th, 2014."[16] The "Volume Calculations," dated January 24, 2014, are presented in spreadsheet form and reflect various measurements taken from pond numbers one and three, but there is no calculation with respect to pond number two.[17] None of the pages are signed, but McCurdy's name and contact information appears in the corner of the topographical survey.[18]

On February 4, 2014, the government filed the instant motion seeking to exclude McCurdy's testimony on the grounds that his expert report failed to comply with Rules 26(a)(2)(B) and 37(c)(1) of the Federal Rules of Civil Procedure and that it is excludable under the *Daubert* standard.[19] Defendants oppose the motion as to both grounds.[20] The final pretrial conference is presently scheduled for March 12, 2014, and trial is set to begin on April 7, 2014.[21]

On March 6, 2014, the parties advised the Court that no additional information has been exchanged. The parties also advised the Court that McCurdy has not been deposed and that no deposition has been scheduled because the discovery deadline has passed. The Court continued the discovery and expert report deadlines to the extent that the government would like to depose McCurdy before trial.[22]

## LAW AND ANALYSIS

### A.   Discovery Violations

Rule 26(a)(2) imposes a duty on any party to disclose the identity of any expert witness and the substance of his or her testimony. Rule 26(a)(2)(B) states, "Unless otherwise stipulated

---

[16] R. Doc. No. 59-3, at 1.
[17] R. Doc. No. 59-3, at 2-4.
[18] R. Doc. No. 59-3, at 1.
[19] R. Doc. No. 59.
[20] R. Doc. No. 63.
[21] *See* R. Doc. No. 29.
[22] R. Doc. No. 71.

3

or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony . . . ." Such expert reports must contain all of the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

A party must supplement this report and "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which is "at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B), 26(e)(2).

McCurdy's report does not meet the requirements of Rule 26(a)(2)(B). Although the topographical survey and volume calculations were presumably prepared by McCurdy, none of the pages were signed by him.[23] The diagram and spreadsheets are best described as "the facts or data considered by the witness in forming [his opinions]" and an "exhibit[] that will be used to summarize or support them," Fed. R. Civ. P.. 26(a)(2)(B)(ii)-(iii), though they are not identified as such.[24] Defendants contend that these documents also "contain[] Mr. McCurdy's opinion,"[25] despite the fact that there is not a narrative or written statement of such opinions and the basis and reasons for them. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Even if that is true, however, defendants still failed to provide the information required by subsections (iv), (v), and (vi) of Rule 26(a)(2)(B). Accordingly, defendants did not fulfill their duty to disclose.

---

[23] *See* R. Doc. No. 59-3.
[24] *See* R. Doc. Nos. 59-2, 59-3.
[25] R. Doc. No. 63, at 2.

4

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants have not offered any justification for failure to comply with Rule 26(a)(2)(B), stating only that "each of these requirements can be satisfied before trial or before Mr. McCurdy's deposition."[26] Defendants simply request that the Court "in its discretion should permit Mr. McCurdy to correct the alleged deficiencies in his report."[27] Accordingly, because defendants have not shown a substantial justification, the question before the Court is whether their failure to provide the information was harmless.

In order to determine whether the violation was harmless, the Court must consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010). Such a determination is within the Court's wide discretion. *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *4 (5th Cir. May 22, 2013) (per curiam) (citing *Rubinstein v. Administrators of Tulane Educ. Fund*, 218 F.3d 392, 397 (5th Cir. 2000)).

Factors 2 and 4 clearly weigh in favor of a finding that the violation was not harmless: the government asserts prejudice to its ability to prepare meaningful cross-examination of McCurdy as it has been previously unable to depose him, and defendants have offered absolutely no explanation for their failure to disclose. Factor 3 weighs against exclusion because the government has not made a sufficient showing that it is impracticable to adequately prepare its defense if it is allowed to depose McCurdy before trial.

---

[26] R. Doc. No. 63, at 4.
[27] R. Doc. No. 63, at 4.

Factor 1, the importance of McCurdy's expert opinion, weighs strongly against a complete exclusion of such testimony. Defendants' theory of valuation in the case is entirely dependent upon the volume of clay that was removed from the land.[28] The government asserts, and defendants do not deny, that McCurdy is defendants' sole expert in the case.[29] The Fifth Circuit has held that when the total exclusion of an "expert['s] testimony was tantamount to a dismissal of [a] claim, the district court abused its discretion by failing to consider the possibility of lesser sanctions than the total exclusion of the . . . expert witness." *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 117 (5th Cir. 1993). "[A]bsent *bad faith*, the sanction imposed by the district court, which amounted to a dismissal of the . . . claim, was unduly harsh." *Id.* (citing *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 557 (5th Cir. 1981); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)); *see also Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *N. Am. Marine, Inc. v. M/V THEOTOKOS*, No. 08-4778, 2010 WL 2674592, at *1 (E.D. La. June 29, 2010) (Wilkinson, M.J.); *Davis v. Auto Club Fam. Ins. Co.*, No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.).

Although the failure to prepare an adequate expert report and the unjustified withholding of required information evidences shoddy work and falls short of the standards expected of lawyers practicing before this Court, the Court is mindful that "[i]mposing sanctions less severe than the complete dismissal of a claim is normally the appropriate mechanism for courts to use in disciplining delinquent lawyers." *Gen. Dynamics Corp.*, 999 F.2d at 117. The Court has no reason to doubt the government's assertion that it was prejudiced by defendants' unexplained

---

[28] *See* R. Doc. No. 63, at 2.
[29] *See* R. Doc. No. 59-1, at 5 n.1. The government also mentions that it "questions whether defendants may present any opinion testimony" because of defendants' failure to present any opinion testimony with respect to valuation. R. Doc. No. 59-1, at 5 n.1. Such a determination is beyond the scope of this motion, and the Court has not yet determined whether it will accept the method of valuation used by defendants' expert.

violations,[30] but the government has not presented any evidence of bad faith and there is no pattern of repeated discovery violations. Accordingly, the Court will not exclude McCurdy's testimony based on the failure to compile an adequate expert disclosure. Instead, defendants must produce McCurdy for a pretrial deposition at their expense, if the government so requests.

      **B.    Admissibility Pursuant to *Daubert***

The government argues: "Mr. McCurdy's expert report wholly fails to meet the requirements of *Daubert*. It does not contain sufficient information to allow the court to understand, much less to evaluate, the methods used by Mr. McCurdy. Therefore, the proposed testimony of Mr. McCurdy and any testimony based upon it must be excluded."[31] Defendants contend that "because this matter is currently scheduled for a bench trial, the Court can address Mr. McCurdy's findings at or before trial and give the appropriate weight to Mr. McCurdy's testimony."[32]

The Court finds that it would be premature to rule on the admissibility of McCurdy's testimony pursuant to *Daubert* and Rule 702 of the Federal Rules of Evidence. Neither McCurdy's report nor the briefing by the parties provides the Court with sufficient evidence to make a finding pursuant to its Rule 702 gatekeeping function, and for the reasons described above, a complete exclusion of McCurdy's testimony on that basis would be inappropriate.

---

[30] R. Doc. No. 59-1, at 7.
[31] R. Doc. No. 59-1, at 8.
[32] R. Doc. No. 63, at 3.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to exclude McCurdy's testimony is **DENIED WITHOUT PREJUDICE** to the government's right to re-urge its Rule 702 arguments at trial.

**IT IS FURTHER ORDERED** that, if the government so requests, defendants must produce McCurdy for a deposition prior to trial and at their expense.

New Orleans, Louisiana, March 7, 2014.

                                                **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**